UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

STEVEN RAST,

        Plaintiff,

        v.                                               Case No. 25-cv-1191-bhl

SGT SASS,

        Defendant.

---

## DECISION AND ORDER

---

      Plaintiff Steven Rast, who is incarcerated at the Kettle Moraine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. The Court screened the complaint on October 8, 2025, and informed Rast that he did not state a federal claim under the Eighth Amendment based on allegations that an officer had accidentally given him the wrong medication on a single occasion. The Court also explained that, while he may state a state-law claim of negligence, this Court does not have jurisdiction over such a claim, so, to the extent Rast wants to pursue a negligence claim, he must do so in *state* court, not in this Court, which is a *federal* court. The Court gave Rast the opportunity to file an amended complaint if he could cure the identified deficiencies. Rast did not file an amended complaint. Instead, he filed a letter explaining that he does not understand the law and describing how the Defendant's alleged mistake has impacted him.

      Rast alleges that he had a negative reaction to the medication that was incorrectly given to him. The Court is not unsympathetic to his situation, but as the Supreme Court has explained, "[a]n accident, although it may produce added anguish, is not on that basis alone to be

characterized as a wanton infliction of unnecessary pain." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Accordingly, for the reasons explained in the screening order, Rast fails to state a federal claim based on his allegations that the Defendant gave him the wrong medication one time. Dkt. No. 7. Moreover, also as explained, the Court lacks jurisdiction over Rast's state-law negligence claim, so the Court will dismiss that claim. Rast may pursue a negligence claim in state court, if he so chooses. The Court offers no opinion on the merits of such a claim.

**IT IS THEREFORE ORDERED** that that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a federal claim upon which relief can be granted and because the Court lacks jurisdiction over the state-law negligence claim.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on November 26, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.